UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SEYDINA DIOP,

        Petitioner,                       Case No. 1:26-cv-255

v.                                         Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.)

In an order entered on January 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on January 30, 2026, (ECF No. 6), and Petitioner filed his reply on February 19, 2026, (ECF No. 9).

**II.     Factual Background**

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.3; Peng Decl. ¶ 4, ECF No. 6-1, PageID.57.) Petitioner entered the United States in 2001 at an unknown location without inspection. (Pet., ECF No. 1, PageID.3; Peng Decl. ¶ 4, ECF No. 6-1, PageID.57.) On November 23, 2001, Petitioner filed an application for asylum. (Pet., ECF No. 1, PageID.4; Peng Decl. ¶ 5, ECF No. 6-1, PageID.57.)

On June 3, 2005, the Immigration and Naturalization Service (INS) referred Petitioner's asylum application to the immigration court and issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Peng Decl. ¶ 6, ECF No. 6-1, PageID.57.) On March 3, 2010, an immigration judge denied Petitioner's application and ordered Petitioner removed to Mauritania. (*Id.*, ¶ 7.) Petitioner's appeals to the BIA and Sixth Circuit Court of Appeals were unsuccessful. (*Id.*, ¶¶ 8–12.) In 2018, Petitioner filed a motion to reopen the order, which was also denied. (*Id.*, ¶¶ 13–16, PageID.57–58.)

From 2020 until 2025, Petitioner remained under an order of supervision. (Pet., ECF No. 1, PageID.4.) However, on July 1, 2025, ICE agents arrested Petitioner when Petitioner appeared for his scheduled check-in. (*Id.*) The arresting agent told Petitioner that Petitioner's order of supervision had been revoked. (*Id.*, PageID.5.)

On July 16, 2025, ICE requested a travel document for Petitioner from the Government of Mauritania. (Peng Decl. ¶ 18, ECF No. 6-1, PageID.58.) The Embassy of Mauritania conducted

2

an interview of Petitioner. (*Id.*, ¶ 20.) However, despite efforts and several inquiries, ICE has been unable to obtain suitable travel documents from the Government of Mauritania. (*Id.*, ¶¶ 21–32, PageID.58–60.)

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Merits Discussion

Petitioner parties agree that Petitioner is subject to a final order of removal. As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's continued detention for purposes of removal is authorized by *Zadvydas v. Davis* 533 U.S. 678, 701 (2001).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). It is undisputed that Petitioner was ordered removed and that his order of removal became final in 2012. (*See* Peng Decl. ¶¶ 7–12, ECF No. 6-1, PageID.57.)

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The record shows that Petitioner has been detained since July 1, 2025, well over six months. And the record before the Court provides good reason to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. After several communications with headquarters, ICE has been told only that its request for travel documents from the Government of Mauritania is "pending." (Peng Decl. ¶¶ 21–32, ECF No. 6-1, PageID.58–60.)

Because Petitioner has met his burden of showing that removal is not reasonably foreseeable, Respondents must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. They have not done so. There is nothing before the Court to suggest that the Government of Mauritania is expected to issue travel documents to Petitioner in the near future. The Court, therefore, will grant Petitioner's § 2241 petition.

**V.     Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

4

## VI.     Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject to any conditions that existed under Petitioner's prior order of supervision. The Court will also order Respondents to file a status report within five days of the date of this Court's opinion and judgment to certify compliance with this

5

opinion and the corresponding judgment. Further, the Court will dismiss the United States Attorney General as a Respondent.

Dated:  March 4, 2026                         /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge