\UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEYDINA DIOP,

               Petitioner,                    Case No. 1:26-cv-255

v.                                      Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

## ORDER

This is a habeas corpus action brought by an individual previously detained by United States Immigration and Customs Enforcement (ICE). In an Opinion and Judgment entered on March 4, 2026, the Court granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to release Petitioner, subject to any conditions that existed under Petitioner's prior order of supervision, within five days of the Court's judgment. (Op. & J., ECF Nos. 12, 13.) Petitioner was released from custody. (Status Report, ECF No. 14.)

On March 23, 2026, ICE agents re-detained Petitioner for purposes of removal. (ECF No. 18, PageID.93.) Petitioner then filed an emergency motion for order to release. (ECF No. 18.) However, because Mauritania subsequently refused to accept Petitioner's return, (Tiruchelvam Decl. ¶¶ 6–11, ECF No. 20-1, PageID.103), the Department of Homeland Security (DHS) again released Petitioner from custody on an order of supervision on April 11, 2026, (Status Report, ECF No. 22). The Court dismissed Petitioner's emergency motion as moot. (ECF No. 25.)

This matter is now before the Court on Petitioner's motion for U visa certification. (ECF No. 26.) For the following reasons, the Court will deny Petitioner's motion.

## I.     Legal Standard

The nonimmigrant U visa classification, part of the Victims of Trafficking and Violence

Protection Act of 2000, Pub.L. No. 106–387, § 1513, 114 Stat. 1464 (2000), was created to

> strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of domestic violence, sexual assault, trafficking of aliens, and other crimes described in section 101(a)(15)(U)(iii) of the Immigration and Nationality Act committed against aliens, while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States.

*Id.* at § 1513(a)(2)(A).

To qualify for a U visa, an applicant must demonstrate that he (i) has suffered substantial

physical or mental abuse as the result of having been the victim of qualifying criminal activity; (ii)

possesses information concerning the qualifying criminal activity; and (iii) has been helpful, is

being helpful or is likely to be helpful in investigating or prosecuting the qualifying criminal

activity. *See* 8 U.S.C. § 1101(a)(15)(U)(i)(I)–(III). Qualifying criminal activity is limited to the

following:

> rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; stalking; female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; fraud in foreign labor contracting (as defined in section 1351 of Title 18); or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes

or "any similar activity in violation of Federal, State, or local criminal law." *Id.*

§ 1101(a)(15)(U)(iii).

To apply for a U visa, an applicant must first acquire a certification "from a Federal, State,

or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority

investigating criminal activity." 8 U.S.C. § 1184(p)(1). Where certification is by a judge, the

certification must state that (i) "the person signing the certificate is . . . a Federal, State, or local

judge"; (ii) the judge "has responsibility for the detection, investigation, prosecution, conviction,

2

or sentencing of qualifying criminal activity"; (iii) "the applicant has been a victim of qualifying criminal activity that the [judge] is investigating or prosecuting"; (iv) the applicant "possesses information concerning the qualifying criminal activity of which he or she has been a victim"; (v) the applicant "has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity"; and (vi) "the qualifying criminal activity violated U.S. law." 8 C.F.R. § 214.14(c)(2)(i). Ultimately, the decision of whether to certify a U visa is discretionary. *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 226 (5th Cir. 2010).

## II.     Discussion

Petitioner asks the Court to certify his U visa application based upon his re-detention by ICE on March 23, 2026, which Petitioner describes as "false imprisonment, kidnapping, and unlawful criminal restraint." (ECF No. 26, PageID.113.) Petitioner alleges that, as a result of his re-detention, he "suffered a substantial mental abuse, emotional distress, psychological torture[,] and trauma . . ." (*Id.*, PageID.114.) He further claims that he "was helpful to law enforcement because he filed an Emergency Motion for Order to Release to inform the court." (*Id.*)

The Court does not doubt that Petitioner's re-detention for purposes of removal caused Petitioner significant distress. However, [t]he fact that the regulations allow judges to grant U visa certifications does not mean that judges possess unfettered discretion to do so." *Romero-Hernandez v. D.C.*, 141 F. Supp. 3d 29, 33 (D.D.C. 2015).

To certify Petitioner's U visa application, the judge must first have the "responsibility for the detection, investigation, prosecution, conviction, or sentencing of qualifying criminal activity." 8 C.F.R. § 214.14(c)(2)(i). The undersigned does not. This Court presided over Petitioner's § 2241 petition, finding that Respondents' actions violated the Immigration and Nationality Act and Petitioner's right to due process. However, Petitioner's § 2241 action is not a criminal matter and this Court has had no involvement whatsoever in any "detection, investigation, prosecution,

conviction, or sentencing" related to any criminal activity. *Id.*; *see Agaton v. Hospitality & Catering Servs., Inc.,* No. 11–1716, 2013 WL 1282454, at *4 (W.D. La. Mar. 28, 2013) ("[T]his Court may not certify a U–Visa application when this judge has no responsibilities or even knowledge regarding any possible pending investigation or prosecution of the qualifying criminal activity. . . [A]lthough the regulations provide that the statutory term 'investigation or prosecution' should be interpreted broadly to accommodate the authority of federal judges to certify, to read the regulations so broadly as to allow certification by a judge when that judge has no connection to any criminal prosecution or investigation involving the victims does violence to the rest of the regulatory language."). Indeed, it is unclear whether any criminal activity occurred.

Similarly, the Court cannot certify that Petitioner "is being" helpful to an investigation or prosecution of qualifying criminal activity where, as here, Petitioner has presented no evidence to suggest that a criminal investigation or prosecution exists. *See, e.g.*, *Mercado-Guillen v. McAleenan*, No. 18-CV-00727-HSG, 2019 WL 1995331, at *3 (N.D. Cal. May 6, 2019) ("There is no pending investigation or prosecution of the alleged qualifying crimes, and Petitioner thus fails to show how a U visa certification in this case would effectuate the purpose of the statute."); *Romero-Hernandez*, 141 F. Supp. 3d at 33 (declining to certify the plaintiff's U visa application after the plaintiff filed § 1983 action asserting claims of excessive force, assault and battery, intentional infliction of emotional distress, and negligent supervision because the judge was not involved in any "detection, investigation, prosecution, conviction, or sentencing" related to any criminal activity, it was unclear whether any criminal activity actually occurred, and there was no evidence that the plaintiff was helpful in the investigation or prosecution of criminal activity).

Therefore, because Petitioner has not demonstrated that U visa certification is permitted here, the Court must deny Petitioner's motion.

## **Conclusion**

Accordingly, for the foregoing reasons, Petitioner's motion for U visa certification (ECF No. 26) is **DENIED WITHOUT PREJUDICE**.


Dated:   June 2, 2026                          /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge